Kerns v. Schoonmaker.

---

\*JACOB KERNS *v.* NICHOLAS SCHOONMAKER. [331

Statute of limitations commences to run so soon as the injurious act complained of is perpetrated, although the actual injury is subsequent, and could not immediately operate.

THIS cause was reserved for decision by the Supreme Court in Hamilton county.

It was an action on the case to recover damages of the defendant, for negligence and omission of duty, as *justice of the peace.*

The declaration alleged, that on April 25, 1825, one John Stewart voluntarily confessed a judgment, in favor of the plaintiff, Jacob Kerns, before the defendant, as a justice of the peace, for the sum of one hundred and seventy-two dollars and sixty-nine cents. On April 28, 1825, Stewart offered one Simon Elliot, as security, for the stay of execution upon this judgment, who was accepted by the defendant; but the entry upon his docket was so

·carelessly, negligently, and informally made, that Elliot was not legally bound thereby. Stewart died, insolvent, before the supposed stay of execution expired. The plaintiff prosecuted Elliot upon the informal recognizance, taken by the defendant, and such proceedings were thereupon had, that this court pronounced the supposed recognizance absolutely void; and Elliot was discharged. The plaintiff claimed the amount of the judgment, with interest, and also his costs and expenses in prosecuting Elliot.

The defendant plead, first, *not guilty.* Second, *not guilty,* within one year next before the commencement of this suit.

The plaintiff joined issue upon the first plea. To the second, he replied specially, that on January 26, 1828, he brought an action of debt against Elliot, upon the supposed recognizance, in the court of common pleas of Hamilton county, in which a judgment was rendered against the plaintiff, at November term, 1828. The plaintiff appealed to this court, and at May term, 1829, this court gave judgment against the plaintiff, upon the ground that the supposed recognizance was altogether void ; which judgments are unreversed. The plaintiff further alleged that this suit was brought within one year after his rights were made known by the decision of this court, at the May term, 1829. This suit was commenced on December 12, 1829.

:332] *To this replication there was a general demurrer and joinder. The court below sustained the demurrer, and gave judgment for the defendant, from which the plaintiff appealed to this court.

There was no argument in support of the demurrer.

CASWELL and STARR, contra :

The only question presented upon the pleadings is, when did the cause of action accrue ? When the defendant *took* the security in 1825, or when Elliot *avoided* it in May, 1829 ? The cause of action can not be said to accrue until an injury is sustained. It was no injury to the plaintiff for the defendant to take the security in the form he did, unless Elliot took advantage of the defect.

Instead of pleading, not guilty within one year, the defendant should have plead, that the cause of action did not accrue within one year. 4 Bacon, 474. Hence it was necessary to set forth, by way of replication, facts showing when the cause of action did accrue.

---

Kerns *v.* Schoonmaker.

---

If the plaintiff had sued the defendant soon after the security was taken, he would have recovered only nominal damages. He could not then have set forth the nature and extent of the injury.

The principle seems to be settled in 12 Mass. 127; where it is laid down, that it would be an unreasonable construction of the statute, to say that the time of limitation began to run before the plaintiff could set forth, in his declaration, the extent of his injury

By the COURT:

The plaintiff insists that his right of action did not accrue until the termination of the suit in this court, in 1829; and unless he can sustain this position, he is too late in his action. For if the action accrued when the mistake was made, or when the supposed stay of execution expired, or when the suit was instituted against Elliot, more than one year had elapsed before the commencement of this suit.

It is unnecessary to determine the precise moment when the *statute did attach, for we entertain the opinion that no [**333** later period can be selected than the institution of the suit against Elliot. Admitting that the plaintiff might reasonably expect Elliot to fulfill his supposed recognizance, and pay the debt, yet, when he evinced his intention not to be bound, the plaintiff's remedy against the justice was complete.

It is, however, objected that only nominal damages could have been recovered, previous to the determination of the suit against Elliot. This objection seems to be removed, and, indeed, the whole case disposed of, by the decision of the Supreme Court of the United States, in the case of Wilcox et al. *v.* Plummer, 4 Peters, 172. It was a suit brought against an attorney for negligence. The plaintiffs placed a note in the hands of Plummer for collection. On May 7, 1820, he commenced a suit against the drawer, but neglected to do so against the indorser. The drawer proved insolvent. On February 8, 1821, Plummer sued the indorser; but in consequence of a misnomer, the plaintiffs were nonsuited in June, 1824. Before the nonsuit, the action against the indorser was barred by the statute of limitations. The suit against the attorney was instituted on January 27, 1825, to which was pleaded the statute of limitations of North Carolina, which interposes a bar after three years. Mr. Justice Johnson, in delivering the opinion of the

court, uses this language: "When the attorney was chargeable with negligence, his contract was violated, and the action might have been sustained immediately. Perhaps in that event, no more than nominal damages may be proved, and no more recovered; but, on the other hand, it is perfectly clear, that the proof of actual damage may extend to facts that occur and grow out of the injury, even up to the day of the verdict. If so, it is clear the *damage* is not the cause of action. This is fully illustrated by the case from 1 Salk. 11, in which a plaintiff having previously recovered for an assault, afterward sought indemnity for a very serious effect of the assault, which could not have been anticipated, and, of consequence, could not have been compensated, in making up the verdict."

The cases are numerous and conclusive on this doctrine. As long ago as 20 Eliz., 1 Cro. 53, this was one of the points *ruled in the Sheriffs *v.* Bradshaw. And the case was a strong one, for it was altogether problematical whether the plaintiffs ever should sustain any damages from the injury. The principle has often been applied to the very plea here set up, and in some very modern cases. That of Baltley *v.* Faulkner, 3 C. & A. 288, was exactly this case; for there the damage depended upon the issue of another suit, and could not be assessed by a jury until the final result of that suit was definitely known. Yet it was held that the plaintiff should have instituted his action, and he was barred for not doing so. In Howell *v.* Young, 5 B. & C. 254, the same doctrine is affirmed, and the statute held to run from the time of the injury, that being the cause of action, and not from the time of damage or discovery of the injury. (*a*)

Demurrer sustained.

(*a*) The recognizance taken by the justice was as follows:

Jacob Kerns *vs.* John Stewart, } Recognizance bail, 25. Simon Elliot appears, and acknowledges himself bail in the above case.